### ARZT et v SEARCH et

Ohio Appeals, 4th Dist, Ross Co

Decided May 12, 1932

L. B. Yaple, Chillicothe, for plaintiff in error.

Garrett S. Claypool, Chillicothe, and Lester S. Reid, for defendant in error.

BLOSSER, J.

The evidence shows that Search tore down the buildings in question under an arrangement with the life tenant, Mrs. Buchanan, by which he paid her fifteen dollars for the buildings. So far as the record discloses none of the parties to this suit claim any interest in the fifteen dollars. The evidence further discloses that after tearing down the buildings Search removed the lumber from the farm to his own premises. The summer kitchen was in a bad state of repair with practically no roof and in a decaying condition. There is some evidence to the contrary but the greater weight of the evidence indicates that the summer kitchen was in a dilapidated condition. The evidence with reference to the shed was in conflict but a number of witnesses testified it was in very bad condition. The roof was taken from the shed and left on the premises for the purpose of roofing a smoke house situated on the farm. The record contains the testimony of a number of witnesses as to the value of the material from these buildings after they were taken down. The material question to be decided was to what extent, if any, were the plaintiff remaindermen injured by reason of the destruction and removal of the buildings.

In the case of **Kent v Bentley et, 10 O.C.C. 132**, it is said:

"The true rule of damages for the wrongful or unlawful waste committed by a life tenant is: The diminished value of the estate in remainder by reason of such waste."

A number of witnesses testified that the buildings were in such a state of decay that their removal was in no way injurious to

the premises or the interests of the plaintiffs. Indeed, the two defendant remaindermen took that position.

It has been urged that Search was a trespasser and in any event would be liable for nominal damages. The distinction between waste and trespass has sometimes caused confusion.

In 27 R.C.L., 1012, it is said:

"In general waste is the abuse or destructive use of property by him who has not an absolute, unqualified title; while trespass is an injury, or use without authority, of the property of another by one who has no right whatever. A material distinction between waste and trespass is that in the former the rightful possession of the wrongdoer is essential. Failure to keep in view this distinction has sometimes led to confusion in the adjudication of cases."

In this case Search was not a trespasser because he entered the premises by and with the consent of the life tenant, Mrs. Buchanan. This action is in the nature of one for waste, and Search had only such authority in the premises as could be granted to him by the life tenant. His rights and liabilities would be the same as those of Mrs. Buchanan.

In the case of **Crockett v Crockett, 2 Oh St, 180**, it was declared that the common law doctrine of waste has never been recognized in Ohio, and that what was considered waste in England and some of the older states does not obtain here. For instance, it is not waste to cut and sell dead and decaying timber. Kent v Bentley, supra.

"While generally speaking what is waste and what is not still remains to be determined by the common law * * * yet it is the general rule of law that no act of a tenant will amount to waste unless it is or may be prejudicial to the inheritance, or to those entitled to the reversion or remainder."

27 R. C. L. 1014.

It may be argued that instead of selling the buildings the life tenant should have repaired them. The rule is that it is the duty of a life tenant to make all ordinary, necessary and reasonable repairs to preserve the property. 27 R. C. L. 1021. In this case, however, the record is silent as to the condition of these buildings at the time the life tenant took possession of the farm. They may have been at that time in a decayed and dilapidated condition so far as the record discloses. The record contains a great deal of evidence to the effect that the premises and interest of the plaintiffs therein were in no way injured by the removal of the buildings, and for that reason we can not say that the verdict is against the manifest weight of the evidence.

"Nor is tearing down an old barn in danger of falling and damaging the life tenant's cattle waste unless its condition was caused by the tenant's neglect."

27 R. C. L. 1020.

In **Bellow's Company v Covell, 28 Oh Ap 277,** the court said that an act by a tenant which improves rather than injures the land will not be enjoined because technically constituting waste.

The jury having adopted the view that the premises were not injured by the removal of the buildings the plaintiffs were not entitled to substantial damages; and Search having entered on the premises with the consent of the life tenant was not a trespasser, and for this reason the plaintiffs were not entitled to nominal damages.

After a review of the whole record we have been unable to discover any error prejudicial to the rights of the plaintiffs in error and for the reasons stated the judgment is affirmed.

MAUCK, PJ, and MIDDLETON, J, concur.